UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH S WILLIAMS,

                    Plaintiff,

        v.

CHERYL STRANGE, *et al.*,

                    Defendants.

CASE NO. 3:22-cv-05867-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: April 28, 2023

This matter is before the Court on referral from the District Court and on defendants' motion to dismiss. Dkt. 11.

Plaintiff Kenneth Williams, proceeding *pro se* and incarcerated at the Coyote Ridge Corrections Center ("CRCC"), initiated this civil action pursuant to 42 U.S.C. § 1983 against Department of Corrections ("DOC") Secretary Cheryl Strange and Correctional Officer Jose Corrales, alleging they failed to protect him from violence from other prisoners when defendant Corrales called him a "snitch" within the hearing of other prisoners. Defendants argue plaintiff's

1   complaint should be dismissed for failure to state a claim for relief.

2       The Court finds plaintiff has sufficiently alleged defendant Corrales failed to protect him

3   in violation of the Eighth Amendment when he exposed plaintiff to a substantial risk of serious

4   harm by calling plaintiff a "snitch" in front of other prisoners. Thus, the Court recommends

5   denying the motion to dismiss on this claim. Further, because plaintiff is not challenging the

6   constitutionality of a DOC policy in relation to his failure to protect claim, the Court

7   recommends granting the motion to dismiss as to plaintiff's claim against defendant Strange in

8   her official capacity without leave to amend. Finally, the Court recommends granting

9   defendants' motion to dismiss but allowing plaintiff leave to amend his complaint with respect

10  to: (1) claims against defendant Strange based on her personal participation; and (2) allegations

11  of a physical injury that would entitle plaintiff to compensatory damages for mental and

12  emotional injuries.

13                                   **BACKGROUND**

14      Plaintiff initiated this action in November 2022 when he filed an application to proceed *in*

15  *forma pauperis* ("IFP"). *See* Dkt. 1. After screening the complaint, the Court granted the motion

16  to proceed IFP on December 2, 2022, and directed service of plaintiff's complaint. Dkts. 3, 5.

17      In the complaint, plaintiff alleges that, on August 3, 2022 in a dayroom at CRCC,

18  defendant Corrales violated his Eighth Amendment rights when he allegedly yelled loudly at

19  plaintiff, "to stop snitching you snitch" several times in front of other prisoners as they looked on

20  at the interaction between the two. Dkt. 4 at 8–9. Plaintiff claims defendant Corrales put him at

21  substantial risk of harm by labeling him a "snitch" and acted "with malicious and sadistic intent

22  to try to get [plaintiff] hurt." *Id*. at 9. He claims defendant Corrales' interaction with him also

23  violated DOC policy 850.030 relating to maintaining professional contact with incarcerated

24

1  individuals. *Id*. at 11. He also claims defendants failed to protect him in violation of the Eighth

2  Amendment by not training correctional officers "on how to deal with inmates properly when the

3  correction officer is under stress" and to follow DOC policy 850.030. *Id*. Plaintiff alleges he put

4  defendant Strange on notice of defendant Corrales' behavior when he wrote a letter to her office

5  after the incident and received a response in September 2022. *See* Dkt. 4 at 20, Ex. 2.

6      As a result of defendants' actions, plaintiff claims he suffers from severe migraines and

7  "constant paranoia." Dkt. 4 at 12. As relief, he seeks declaratory and monetary relief, as well as

8  transfer to a different facility. *Id*. at 12–13.

9      Defendants filed the instant motion to dismiss on January 31, 2023. Dkt. 11. They

10  provided notice of this dispositive motion to plaintiff (*see* Dkt. 12), and plaintiff responded on

11  February 7, 2023 (Dkt. 14). Defendants filed a reply on February 23, 2023. Dkt. 18.

12                                **DISCUSSION**

13      Defendants move to dismiss plaintiff's complaint on the following grounds: (1) plaintiff

14  fails to state a claim against defendant Strange; (2) plaintiff's failure to protect claim fails

15  because he has not shown he is at risk of serious harm; and (3) plaintiff's claim for compensatory

16  damages should be dismissed because has not suffered a physical injury. *See generally* Dkt. 11.

17      **I.      Legal Standard**

18      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when

19  allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.

20  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

21  (2007). The pleadings must raise the right to relief beyond the speculative level and must provide

22  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

23  will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On

24

1  a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and

2  construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St.*

3  *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need

4  not be pleaded so long as sufficient factual averments show that the claimant may be entitled to

5  some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

6     Courts liberally construe a *pro se* litigant's complaint and hold it to a less stringent

7  standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

8  curiam). *Pro se* litigants should be granted leave to amend unless it is absolutely clear that the

9  deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th

10  Cir. 2000) (en banc).

11     **II.     Failure to State a Claim Against Defendant Secretary Strange**

12     Defendants argue plaintiff has failed to show defendant Strange personally participated in

13  violating plaintiff's constitutional rights. They also argue plaintiff's claims for damages against

14  defendant Strange in her official capacity should be dismissed. The Court will address these

15  arguments in turn.

16     **A.  Personal Participation**

17     In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1)

18  he suffered a violation of rights protected by the Constitution or created by federal statute, and

19  (2) the violation was proximately caused by a person acting under color of state law. *See*

20  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is

21  therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510

22  U.S. 266, 271 (1994) (citations omitted).

23

24

1    To satisfy the second prong, a plaintiff must allege facts showing how individually

2    named defendants caused, or personally participated in causing, the harm alleged in the

3    complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines*

4    *Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a

5    constitutional right when committing an affirmative act, participating in another's affirmative act,

6    or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

7    Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for

8    relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but

9    must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v.*

10    *Harris*, 489 U.S. 378, 385–90 (1989). A supervisor will only be liable for the actions of his or her

11    subordinates if he or she participated in or directed the alleged violations. *Taylor v. List*, 880

12    F.2d 1040, 1045 (9th Cir. 1989).

13    Here, defendants contend that plaintiff's complaint does not allege facts showing

14    defendant Strange personally participated in violating plaintiff's constitutional rights. Dkt. 11 at

15    3–4. While they acknowledge plaintiff wrote a letter to defendant Strange to notify her of the

16    incident, they further explain that the letter was routed to Deputy Assistant Secretary Jeffrey

17    Uttecht and that it was he who responded to plaintiff. *See id.*; *see also* Dkt. 4 at 20, Ex. 2. As

18    such, there is no indication defendant Strange was even aware of the letter. Dkt. 11 at 4.

19    Although defendants make other arguments,  the Court agrees with defendants that at this stage

20    of the litigation, the facts surrounding plaintiff's letter do not establish defendant Strange's

21    personal participation.

22    Plaintiff further alleges defendant Strange's personal participation by asserting she failed

23    to properly train and supervise prison officials. Dkt. 4 at 11. Though a causal connection can be

24

1    established through deficiencies in training, supervising, or controlling subordinates, it cannot be

2    through a theory of vicarious liability. *See Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir.

3    2000). To be liable, the defendant must have committed an affirmative act, participated in

4    another's affirmative act, or failed to perform an act she was legally required to do. *Johnson v.*

5    *Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978). "A supervisor is only liable for the constitutional

6    violations of his subordinates if the supervisor participated in or directed the violations, or knew

7    of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Plaintiff has not

8    alleged sufficient facts to support a claim for supervisory lapses.

9         Thus, upon review, the Court finds that, even construing the complaint liberally, plaintiff

10   has not stated any facts that defendant Strange knew of defendant Corrales' alleged failure to

11   protect or that she acquiesced in any unconstitutional conduct. Furthermore, plaintiff has not

12   alleged sufficient facts to support a claim that defendant Strange is liable based on her

13   supervisory responsibilities. As a result, the Court recommends plaintiff's claims against her in

14   her personal capacity be dismissed. In an abundance of caution, however, the Court will give

15   plaintiff an opportunity to file an amended complaint to allege facts, if he can, that state a

16   personal claim against defendant Strange.

17                          **B.  Official Capacity**

18        Defendants argue plaintiff's claims for injunctive relief against defendant Strange in her

19   official capacity should be dismissed. The Court agrees.

20        Section 1983 creates a cause of action for a plaintiff whose constitutional rights have

21   been violated by any "person" acting under color of law. 42 U.S.C. § 1983. Even so, for the

22   purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520

23   U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an

24

1    agency that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496

2    U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding

3    that the suit against the state Board of Corrections was barred by the Eleventh Amendment). In

4    addition, a suit against a state official in her official capacity is no different from a suit against

5    the State itself. *Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("state

6    officials sued in their official capacities are not 'persons' within the meaning of § 1983).

7    　　　　However, claims against State officials for prospective injunctive relief are an exception

8    to Eleventh Amendment immunity. *See Ex Parte Young*, 209 U.S. 123, 161 (1908). To state a

9    claim against a State official in their official capacity, "a plaintiff [must] identify the law or

10   policy challenged as a constitutional violation and name the official within the entity who can

11   appropriately respond to injunctive relief." *Hartmann v. California Dep't of Corr. & Rehab.*, 707

12   F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

13   　　　　Here, although plaintiff cites DOC policy 850.030 relating to maintaining professional

14   contact with incarcerated individuals, he is not in fact challenging that policy as unconstitutional.

15   *See* Dkt. 4 at 4–5. Rather, plaintiff is alleging defendants violated the policy. Therefore, it is not

16   that plaintiff seeks injunctive relief based on the unconstitutionality of a policy, it is that plaintiff

17   seeks to hold defendants liable for violating that policy. The Court recommends any claim

18   seeking injunctive relief against defendant Strange in her official capacity be dismissed.

19   **III.    Failure to State a Claim – Failure to Protect**

20   　　　　Under the Eighth Amendment, "[p]rison officials have a duty . . . to protect prisoners

21   from violence at the hands of other prisoners." *Hearns v. Terhune,* 413 F.3d 1036, 1040 (9th Cir.

22   2005) (quoting *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). "The failure of prison officials to

23   protect inmates from attack by other inmates may rise to the level of an Eighth Amendment

24

1   violation when: (1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison

2   officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Id.*

3   (quoting *Farmer,* 511 U.S. at 834). A prison official does not act with deliberate indifference

4   "unless the official knows of and disregards an excessive risk to inmate health or safety."

5   *Farmer,* 511 U.S. at 837. "[D]eliberate indifference entails something more than mere

6   negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of

7   causing harm or with knowledge that harm will result." *Id*. at 835.

8          The Ninth Circuit has held that allegations that prison officials called a prisoner a

9   "snitch" in the presence of other inmates may violate an inmate's right to be free from harm.

10  *Valandingham v. Bojorquez,* 866 F.2d 1135, 1138-39 (9th Cir. 1989); *see also Miller v.*

11  *Williams*, 976 F.2d 737 (9th Cir. 1992) (unpublished) ("This court has recognized a claim under

12  42 U.S.C. § 1983 'for violation of [an inmate's] right to be protected from violence while in

13  custody . . . where prison officials labeled an inmate as a 'snitch' in retaliation for the inmate

14  petitioning prison and government officials for a redress of his grievances." (citing

15  *Valandingham*, 866 F.2d at 1138)). In *Valandingham*, the plaintiff alleged that two prison

16  officials had conspired to label him as a snitch with the intent of having him killed. 866 F.2d at

17  1138. The plaintiff also alleged that on a specific date, "he was approached by fellow prisoners

18  and threatened with harm because [the defendant prison officials] had told other inmates in the

19  law library that Valandingham was a snitch." *Id*. The Ninth Circuit reversed the district court's

20  grant of summary judgment and remanded for trial. *Id*. at 1139.

21         Here, viewing the factual allegations in a light most favorable to plaintiff, the Court finds

22  plaintiff has stated a failure to protect claim against defendant Corrales. Based on the

23  complaint's allegations, it would be reasonable to infer that defendant Corrales made an

24

1    intentional decision with respect to the conditions of plaintiff's confinement that put plaintiff at

2    substantial risk of serious harm when he said, loudly and within hearing distance of other

3    prisoners, to plaintiff, "stop snitching you snitch." "It is well established that being revealed as a

4    snitch may be sufficient to [establish a substantial risk of serious harm]." *Sutton v. Wash. State*

5    *Dep't of Corr.*, No. 13-5064, 2015 WL 4748233, at *7 (E.D. Wash. Aug. 11, 2015) (citing

6    *Valandingham*, 866 F.2d at 1139). Moreover, a reasonable jury could conclude that defendant

7    Corrales' statement was objectively unreasonable given that it is "well understood that inmates

8    known to be snitches are widely reviled within the correctional system" and that there is a

9    "likelihood that [inmates identified as such] will suffer great violence at the hands of fellow

10    prisoners." *Burns v. Martuscello*, 890 F.3d 77, 91 (2d Cir. 2018). Finally, a reasonable jury could

11    find that defendant Corrales' actions caused plaintiff's alleged injuries based on plaintiff's

12    allegation that, since defendant Corrales labeled him a snitch, he has had severe migraines and

13    constant paranoia while living at CRCC.

14         Defendants argue, however, plaintiff has failed to prove that he was actually assaulted or

15    threatened or physically harmed as a result of defendant Corrales' statement. Dkt. 11 at 5. But

16    here, with respect to whether defendant Corrales put plaintiff at substantial risk of serious harm,

17    deliberate indifference does not require a showing that a defendant intended to increase the risk

18    of harm to the plaintiff or that the plaintiff suffered a physical injury; it is enough to establish

19    *exposure* to a substantial risk of serious harm. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726

20    F.3d 1062, 1076 (9th Cir. 2013) ("[T]o satisfy the objective prong, it is enough for the inmate to

21    demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm

22    he actually suffered need not have been the most likely result among this range of outcomes.").

23    The harm plaintiff alleges he actually suffered here was a decline in his mental health as a result

24

1   of his fear for his safety at CRCC. This is sufficient for purposes of deliberate indifference. *See,*

2   *e.g.*, *Glenn v. Cole*, No. CIV S-06-0151, 2010 WL 2303028, at *3 (E.D. Cal. June 7, 2010),

3   *report and recommendation adopted*, 2010 WL 3746055 (E.D. Cal. Sept. 17, 2010) (finding

4   deliberate indifference due to labeling inmate a snitch where injuries were inmate's fear for his

5   safety, stress, and mental suffering resulting from being housed in administrative segregation).

6          In sum, the Court finds plaintiff's allegations of a failure to protect claim under the

7   Eighth Amendment are sufficient to survive defendants' motion to dismiss. The Court

8   recommends the motion to dismiss be denied as to this claim.

9   **IV.    Compensatory Damages – Failure to Allege Physical Injury**

10         Defendants argue plaintiff's request for $200,000 in damages should be dismissed

11  because plaintiff has not suffered a physical injury. Dkt. 11 at 5–6.

12         The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o

13  Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional

14  facility, for mental or emotional injury suffered while in custody without a prior showing of

15  physical injury." 42 U.S.C. § 1997e(e). The Ninth Circuit, following several other federal

16  appellate courts, has interpreted this provision to mean that "for all claims to which it applies, 42

17  U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but

18  must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). Here,

19  plaintiff alleges pain and suffering and emotional injuries in connection with his failure to protect

20  claim. To the extent plaintiff is relying on physical manifestations—severe migraines—of his

21  emotional injuries, numerous courts have held that physical manifestations of emotional injuries

22  are not "physical injuries" for purposes of the PLRA. *See, e.g.*, *Davis v. District of Columbia*,

23  158 F.3d 1342, 1349 (D.C. Cir. 1998) (weight loss, appetite loss, and insomnia caused by

24

emotional distress not "physical injury" for purposes of PLRA); *Harbridge v. Schwarzenegger*, no. cv 07-4486-GW(SH), 2012 WL 13252724, at * 12 (C.D. Cal. Jan. 4, 2012) (injuries of sleep deprivation affecting plaintiff's emotional and mental state, runny nose, sore throat, headaches, stinging eyes, painful teeth and gums, nausea, and difficulty eating, that did not last beyond 12 days of disciplinary detention are *de minimis* physical injuries for purposes of PLRA); *Glenn*, 2010 WL 2303028, at *3 ("purely emotional injuries" of "a lot of pain" and mental suffering resulting from restrictions in administrative segregation imposed after plaintiff labeled a "rat" and a "snitch" are not physical injuries for purposes of PLRA); *Cooksey v. Hennessey*, no. 07-cv-3829, 2007 WL 2790365, at *1 (N.D. Cal. Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury [for purposes of PLRA]."); *Brown v. Porter*, no. 01-cv-20957, 2006 WL 2092032, at *2 (N.D. Cal. July 26, 2006) (migraines, dry mouth, and loss of appetite caused by mental problems not "physical injury" for purposes of PLRA); *Johnson v. Georgia*, no. 06-cv-0049, 2007 WL 2684985, at *3 (M.D. Ga. Sept. 7, 2007) (stress and "a mental disorder" not "physical injury" for purposes of PLRA); *Cain v. Virginia*, 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and painful headaches caused by emotional distress not "physical injury" for purposes of PLRA); *Pinkston-Bey v. DeTella*, no. 96-cv-4823, 1997 WL 158343, at *3 (N.D. Ill. Mar. 31, 1997) (severe headaches caused by emotional distress not "physical injury" for purposes of PLRA). *But see Ayala v. Dhaliwal*, No. 3:12-cv-00578, 2013 WL 957590, at *4–5 (D. Or. Mar. 11, 2013) (nausea, headaches, insomnia, chest pain, and heart palpitations as a result of unwanted sexual touching allege more than *de minimis* physical injury for purposes of PLRA).

Again, plaintiff alleges he has suffered severe migraines as a result of defendant Corrales' statement. Without allegations as to the circumstances of plaintiff's migraines, including those relating to their timing and persistence, plaintiff's allegation of physical injury does not appear to be sufficiently distinct from his alleged emotional injuries. Because plaintiff has not alleged a physical injury distinct from his emotional injuries, any compensatory damages based on alleged mental and emotional distress should be dismissed. Thus, the Court recommends defendants' motion to dismiss as to plaintiff's request for compensatory damages be granted. However, the Court also recommends plaintiff be given leave to amend his complaint to allege facts, if any, to support such a claim for relief.

### V.    Leave to Amend Complaint

Based on the complaint currently before the Court, the motion to dismiss filed by defendants should be granted as to plaintiff's claims against defendant Strange and plaintiff's claim for compensatory damages. However, the Ninth Circuit has established that *pro se* litigants bringing civil rights actions must be given an opportunity to amend their complaint to overcome deficiencies unless it is clear that such deficiencies cannot be overcome by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Plaintiff may be able to overcome the deficiencies of his pleading if he is given an opportunity to amend his claims against defendant Strange and for compensatory damages. Therefore, the Court recommends that plaintiff be allowed to submit an amended complaint.

### CONCLUSION

For the reasons set forth above, the Court recommends denying defendants' motion to dismiss as to plaintiff's failure to protect claim against defendant Corrales. The Court recommends granting the motion to dismiss but allowing plaintiff leave to amend his complaint

1    with respect to: (1) claims against defendant Strange alleging her personal participation; and (2)

2    allegations of a physical injury that would entitle plaintiff to compensatory damages for mental

3    and emotional injuries. The Court recommends plaintiff's amended complaint be filed by a date

4    set by the District Court. The Court recommends granting defendants' motion to dismiss as to

5    plaintiff's claims against defendant Strange in her official capacity without leave to amend.

6          Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

7    shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.

8    R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

9    *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

10   those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

11   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

12   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 28,**

13   **2023,** as noted in the caption.

14         Dated this 12th day of April, 2023.

15

16

17

18   J. Richard Creatura
     United States Magistrate Judge

19

20

21

22

23

24